# MRS. LILLIAN DUPRE vs. CITY OF NEW ORLEANS, ET ALS.

## Syllabus.

Where the conflict of evidence is resolved against the defendant first by a jury and again on a second trial by the presiding Judge, the conclusion will not be disturbed on appeal unless it is palpably erroneous.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 94,718, Hon. E. K. Skinner, Judge.

Cage, Baldwin & Crabites, B. Logan, for plaintiff and appellee.

Walter L. Gleason, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff sued the City of New Orleans, the Sewerage & Water Board, and L. C. DeLeon & Company, to recover damages for injuries sustained by reason of the defective condition of a sidewalk. The case was tried twice—once before a jury and a second time by the Judge—and in each instance plaintiff had judgment against the Sewerage & Water Board alone, her demand as against the other two defendants being dismissed.

There is no complaint as to the quantum of damages allowed, and the sole question presented is whether or not there is sufficient evidence in the record to charge the Sewerage & Water Board and DeLeon & Company, or either of them, with responsibility for the conditions which existed and gave rise to the accident.

As to DeLeon & Company the testimony shows practically without conflict that their work had been com-

pleted, and the portion of the sidewalk involved therein had been fully restored prior to the date of the accident. Consequently the suit was properly dismissed as to this defendant.

That portion of the sidewalk where plaintiff tripped and fell was embraced with the work of the Sewerage & Water Board and not within that of DeLeon & Company. It is true that the records of said Board, based upon the reports of its inspectors, establish that the sidewalk had been restored by it prior to the occurrence; but on the other hand, in direct conflict with these records and reports, is the testimony of three reputable and reliable witnesses, all of whom were peculiarly in a position to have accurate knowledge of the circumstances, to the effect that the sidewalk at this point had not been replaced at the date of the accident, but on the contrary was restored subsequent thereto either by the Sewerage & Water Board or by others for its account.

This conflict in the evidence was resolved against the Sewerage & Water Board first by the jury and again on a subsequent trial by the presiding Judge, and under such circumstances their decision should not be disturbed in the absence, as in this case, of palpable error.

The judgment appealed from is accordingly affirmed.

Affirmed.